## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELENA INGRASSIA,

      Plaintiff,

v.                                                                    Case No: 8:23-cv-2638-CEH-TGW

EQUIFAX INFORMATION
SERVICES LLC, TRANS UNION
LLC and GLOBAL LENDING
SERVICES LLC,

      Defendants.

_____/

## ORDER

This matter comes before the Court on Defendant Global Lending Service's

Motion to Consolidate (Doc. 28).  In the motion, Global Lending requests this Court

consolidate this action with *Wally Ramos v. Global Lending Services, et. al.*, Case No.

8:23-cv-02633-WFJ-AAS (the "Ramos Action"), because the parties and claims in the

two actions are the same and involve the same contract, to which Ramos and the

Plaintiff in this action, Elena Ingrassia, are co-borrowers/buyers.  The Court, having

considered the motion and being fully advised in the premises, will deny, without

prejudice, Defendant's Motion to Consolidate.

## DISCUSSION

A judge may consolidate multiple actions assigned to her to the extent that

doing so would promote efficiency and consistency. *See* M.D. Fla. Local Rule 1.07(b).

Although Global Lending's motion represents that common questions of law and fact

support consolidation under Fed. R. Civ. P. 42, the motion to consolidate is procedurally flawed because the actions Global Lending seeks to consolidate are not pending before the same judge. The other case noted in the motion, Case No. 8:23-cv-02633-WFJ-AAS, is pending before a different district judge in the Middle District of Florida. Thus, consolidation at this juncture is improper. Global Lending must first seek a transfer of the case pursuant to Local Rule 1.07 so that the two cases are pending before the same district judge before requesting consolidation.[1]

Middle District of Florida Local Rule 1.07(a) provides, in relevant part, that "[i]f actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned to the first-filed action. The moving party must file the motion in the later-filed action and a notice and a copy of the motion in the first-filed action." M.D. Fla. Local Rule 1.07(a)(2)(B). Before filing a motion to transfer, counsel for the movant must confer with opposing counsel as required by Rule 3.01(g). In the event transfer is granted, Global Lending may then move to consolidate the related actions pending before the same judge.

Accordingly, it is

**ORDERED**:

---

[1] Additionally, review of Global Lending's motion reveals it is due to be denied for failure to comply with Local Rule 3.01(g), which requires a party, before filing a civil motion, to confer with the opposing party in a good faith effort to resolve the motion and to include a certification regarding such conferral.

1.      Defendant's Motion to Consolidate (Doc. 28) is **DENIED, without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on January 10, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

3